IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                     *      Case No. 1:11-23355 JKF
W&K STEEL, LLC                              *
     Debtor in Possession               *      Chapter 11

## APPLICATION AND NOTICE OF AEGIS SECURITY INSURANCE COMPANY, CREDITOR AND SURETY OF DEBTOR IN POSSESSION, TO APPEAR AND BE HEARD PURSUANT TO BANKRUPCTY CODE SECTION 1109, 11 U.S.C. Sec. 1109

AND NOW comes Aegis Security Insurance Company ("Aegis"), a creditor and surety of Debtor in Possession in this matter and, pursuant to Section 1109 of the Bankruptcy Code, 11 U.S.C. Sec. 1109, applies for an opportunity to be heard and to present in evidence certain documents and testimony on the issues set forth herein below.

In support of this Application, the following is stated:

1. Aegis is an insurance company licensed to conduct business in Pennsylvania and has its principal place of business at 2407 Park Drive, Suite 200, Harrisburg, Dauphin County, Pennsylvania.

2. As part of its business operations, Aegis underwrites surety bonds upon public and private construction projects, which bonds are issued by approved agents to an obligee of each project naming therein a principal on each bond issued.

3. Aegis has underwritten performance and payment bonds issued to two (2) general contractor obligees on three (3) construction projects located in Allegheny County, Pennsylvania, naming therein the Debtor in Possession as principal on each bond.

4. The two general contractor obligees, Reginella Construction Company (RCC) and Kusevich Contracting (Kusevich) are contracted with three school districts, Pine-Richland (Kusevich), Moon Township (RCC), and City of Pittsburgh (RCC), to perform certain construction work upon those school districts' properties and each of them in turn entered into a subcontract agreement or a purchase order to provide for certain parts of said work to be performed or provided by the Debtor in Possession.

5. Copies of the forms of the bonds utilized in the described transactions are attached hereto (the originals of which should reside with the obligees or project owners) and copies of the corresponding subcontract agreements and purchase order entered into between said parties are also attached hereto following each set of the corresponding performance and payment bonds.

6. The three construction projects are not completed and one project has substantial amounts of work to still be performed, while significant funds are due in the aggregate on all three of the projects.

7. Aegis believes, as surety to each project, it has absolute rights to unpaid contract balances since they are not considered property of the estate. *Pearlman v. Reliance Ins. Co.,* 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962); *In re Modular*, 27 F.3d 72 (3rd Cir. 1994).

8. Aegis asserts that there have been improper or inappropriate acts or failures to act by the receiver contrary to and in deviation of the order of receivership and contrary to and in conflict with its quasi-judicial role and duties as a receivership,

which acts or omissions have occurred pre-petition and since the subsequent application of the automatic stay and other Bankruptcy Code provisions post-petition.

9. The acts and omissions have significantly impaired and impacted the ability of the Debtor in Possession to continue to perform its contractual obligations and, therefore, have exposed and continue to expose the surety bonds of Aegis to unnecessary risks and potentially greater, significant financial losses as a result.

10. The acts and omissions include, but are not limited to:

    a. The non-disclosure by the receiver that it was and is exclusively acting in the financial interests of The Huntingdon National Bank and not in the interests of all creditors;

    b. The non-disclosure by the receiver in its Motion to Dismiss of pre-petition attempts by it to demand and/or extract an unfounded and unwarranted payment of $50,000 from Aegis as leverage against its risks and exposure of its financial interests in exchange for allowing Debtor in Possession to have immediate and continuing access to and use of key equipment integral to the fabrication of steel and/or metal work on one or more of the Aegis-bonded projects; and, that the failure of Aegis to accede to said demands or make such payment resulted in the receiver denying further access to or use of the equipment thereby effectively inhibiting performance of the work on the bonded projects and thereby causing unnecessary and unjustified delay which will potentially result in the untimely completion of one or more of the projects and the subsequent imposition upon

Debtor in Possession of substantial liquidated damages by the owners or obligees of one or more of the projects; and,

      c.      The non-disclosure of representations and agreement made between the receiver and the representatives of Debtor in Possession and Aegis concerning the continued access to and use of equipment in conjunction with the legitimate interests of creditors secured by that equipment.

11.      An Affidavit of George Coste is attached to this Application in support hereof.

WHEREFORE Aegis requests an opportunity to be heard and to present evidence upon these issues in that hearing scheduled to commence on Tuesday, June 7, 2011 in this Court.

                                               Respectfully:

DATED:    June 6, 2011         /es/:    *Michael J. Wilson*